IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ELVA LETICIA ZAMORA SIAN
6328 Dakine Circle
Springfield, Virginia 22150

    Plaintiff,

v.

TANNER INVESTMENTS, LTD
d/b/a AUNTIE ANNIE'S
9780 Thorn Bush Drive
Fairfax Station, Virginia 22039

    Serve: Resident Agent
           James T. Bacon
           11350 Random Hills Road
           Fairfax, Virginia 22030

ALYSSA C. TANNER
9780 Thorn Bush Drive
Fairfax Station, Virginia 22039

    Defendants.

Civil Action No. 1:16CV694 LMB\TCB



FILED MAILROOM
JUN 20 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## COMPLAINT

Plaintiff, Elva Leticia Zamora Sian ("Plaintiff"), by and through her attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files her Complaint against Defendants Tanner Investments, Ltd. d/b/a Autnie Annie's and Alyssa C. Tanner (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

### INTRODUCTION

Plaintiff was employed by Defendants. At all times Plaintiff was paid at the regular hourly rate for all hours worked. She worked hours in excess of forty per week and was not paid at the overtime rate of one and a half times her regular hourly wage as required by federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Defendants also failed to compensate Plaintiff at all for her final two weeks of work. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wages and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia.

4. Defendant Tanner Investments, Ltd. d/b/a Auntie Annie's, ("Auntie Annie's") is a Virginia Corporation.

5. Defendant Alyssa C. Tanner is the owner of Auntie Annie's.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Alyssa C. Tanner controlled the day to day operations of Auntie Annie's.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

11.     Defendant Alyssa C. Tanner had the power to hire, fire, suspend, and discipline Plaintiff.

12.     Defendant Alyssa C. Tanner supervised Plaintiff directly or indirectly.

13.     Defendant Alyssa C. Tanner directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14.     Defendant Alyssa C. Tanner directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15.     Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16.     Defendant Alyssa C. Tanner would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

17.     Plaintiff was employed by Defendants as a dishwasher from October 12, 2014 through February 2, 2016 (the "Employment Period").

18.     Plaintiff was paid at a regular hourly rate of $17.00.

19.     She worked hours in excess of forty per week and was never compensated at the required overtime rate, of one and one half times her regular hourly rate, for those hours worked over forty hours per week.

20.     Defendants also failed to compensate her at all for her final two weeks of work.

21.     Plaintiff is owed approximately $877.25 in minimum wages and $10,957.00 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301 340 2020

22. Plaintiff is owed minimum and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

23. By statute, Defendants are required to maintain records which document the wages, hours and other conditions of employment. 29 U.S.C. §211.

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

## COUNT I
## (FLSA)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants were required to pay Plaintiff a minimum wage of $7.25 per hour. *See* 29 U.S.C. §206(a)(1)(c).

28. Defendants failed to compensate Plaintiff at all for her final two weeks of work and therefore clearly violated the minimum wage requirement.

29. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

30. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

31. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

32. Defendants' violation makes them liable to Plaintiff for all unpaid minimum wages and overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in her favor in an amount to be determined at trial, but not less than $21,914.00 which is two times the total minimum wages and overtime compensation owed, to grant Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____
Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5