IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ELVA LETICIA ZAMORA SIAN                    :
                                            :
    Plaintiff/Counter-Defendant             :    No. 1:16-cv-694 (LMB/TCB)
                                            :
v.                                          :
                                            :
TANNER INVESTMENTS, LTD, et al.,            :
                                            :
    Defendants/Counter-Plaintiff            :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Elva Leticia Zamora Sian ("Plaintiff") and Defendants Tanner Investments, Ltd. and Alyssa C. Tanner ("Tanner") (collectively "Defendants") hereby move, pursuant to 29 U.S.C. § 216(b), for entry of the accompanying proposed order approving the settlement of this individual action alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the reasons set forth in detail below, judicial approval of the settlement is warranted.

## FACTUAL BACKGROUND

Plaintiff brought the instant action for recovery of sums she alleged were due under the FLSA. Plaintiff alleged that her former employer, Tanner Investments, Ltd., and its principal, Tanner, failed to pay her proper compensation for the hours she alleged that she worked under the FLSA, and that Tanner was personally liable for the FLSA violations. Defendants filed an Answer to the Complaint and they deny liability. In particular, Defendants deny that Plaintiff worked all of the hours alleged in the Complaint and further deny that Plaintiff is due the amounts claimed.

Defendants thereafter filed a Counterclaim against Plaintiff alleging that Plaintiff was unjustly enriched by improperly retaining "returned" sales. Plaintiff denied all such allegations.

1

Ultimately on October 20, 2016 a stay was issued in this case pending the outcome of proceedings in Fairfax County General District Court, which evolved into proceedings in Fairfax County Circuit Court. The criminal proceedings in Fairfax County Circuit Court have concluded.

The parties have informally exchanged information concerning their respective claims and defenses and have engaged in lengthy settlement discussions in which they were represented by experienced legal counsel. Among other things, Defendants have provided Plaintiff with information concerning Plaintiff's work hours. Defendants' counsel has also presented Plaintiff with evidence regarding the Counterclaim. To avoid the uncertainty, burden and expense of further litigation and to ensure fairness to Plaintiff and all involved in this case, the parties have negotiated a settlement agreement with respect to Plaintiff's claims against Defendants and Defendants' claims against Plaintiff (the "Settlement"), a copy of which is attached hereto as Exhibit ("Ex.") A.

The parties now seek approval of their Settlement. Courts in the Fourth Circuit have followed the guidelines for approval of FLSA settlements set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g., Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014); *Lomascolo v. Parsons Brinkerhoff, Inc.*, No. 108-cv-203, 2009 WL 3094955 (E.D. Va. Sept. 28, 2009). In the context of FLSA suits, like the one at issue in this case, that have been brought directly against the employer by an employee, the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353.

The parties respectfully request that the Court consider their settlement under the procedures and standards set forth in *Lynn's Food Stores*, 679 F.2d at 1350. The parties submit

that the Settlement is fair to both parties and reflects a reasonable compromise of the issues actually in dispute. This agreement was reached in an adversarial context in which Plaintiff was well represented by competent and experienced counsel. Accordingly, for the reasons set forth in detail below, the proposed settlement is fair and reasonable and should be approved by the Court.

## ARGUMENT

This Court considers the following factors in reviewing an FLSA settlement:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiff; (4) the experience of counsel who have represented the Plaintiff; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of Plaintiff' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10-11 (E.D. Va. Sept. 28, 2009) (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (citing *Lomascolo* in rejecting motion which did not address those factors). Each factor favors approval of this settlement agreement.

### A. *Bona Fide* Dispute.

The Settlement reached by the parties to this case involves a *bona fide* dispute under the FLSA. The Settlement was achieved in an adversarial context – specifically, it was negotiated at arm's length by the parties' respective lawyers after Plaintiff filed their Complaint in this matter. In their Complaint, Plaintiff alleged that Defendants failed to pay her the required overtime premiums for all of the hours she worked. Defendants have provided information to Plaintiff's counsel that would raise significant disputes of fact as to the number of hours actually worked by Plaintiff and the compensation that she received for her work. As such, a *bona fide* dispute exists

3

as to the Defendants' liability under the FLSA. *Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 408-09 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at **3-4 (D. Md. June 13, 2013); *Lomascolo*, 2009 WL 3094955, at **16-17.

### B.   Fairness & Reasonableness.

The Settlement that was ultimately reached was also fair and reasonable. Indeed, each of the six factors that are generally examined by Courts in determining the fairness of FLSA settlements supports a finding that the agreement in the present case should be approved by the Court.

First, the parties have conducted informal discovery. Courts have approved settlement agreements entered at the outset of discovery (or before any formal discovery has been taken in the case) where the parties have nonetheless had an opportunity to obtain and review evidence relevant to their claims through informal discovery. *See Saman*, 2013 WL 2949047, at *5; *Lomascolo*, 2009 WL 3094955, at *11. Plaintiff and Defendants have exchanged information concerning the hours worked by Plaintiff. Much of the information exchanged between the parties pertained to this defense. While there was a dispute between the parties as to whether Plaintiff was owed all of the wages claimed, the parties were able to reach a compromise. This compromise also took into consideration Defendants' counterclaim and the criminal proceedings in Fairfax County Circuit Court. Further discovery would have entailed extensive (and time- and fee-consuming) depositions of, at the very least, Plaintiff, a company representative and the individual Defendant as well as other employees.

Second, a settlement at this early stage benefits both parties. If the case were to proceed to trial, substantial disputes of fact would remain as to the questions of how many hours were actually worked by Plaintiff and the amount of compensation that she actually received. The more time

4

the parties' attorneys spent on the case, the more difficult it would have been for the parties to reach a settlement. Defendants' financial resources are limited and any monies spent in defense of Plaintiff's lawsuit would greatly limit, if not eliminate, Defendants' ability to pay any judgment or settlement reached later in the case. The FLSA claims are not particularly complex, but do involve substantial factual questions regarding how much of the Plaintiff's gross pay constituted proper payment for her hours worked under the FLSA. As noted above, further discovery would have posed substantial expense in the form of court reporter costs for depositions, as well as attorney time for the same.

Third, there is no fraud or collusion in this settlement; all parties are represented by independent and experienced counsel. Because all Parties were represented by counsel of their choice in connection with the negotiations that led to the Settlement, there is a presumption that the agreement was not the product of fraud or collusion. *See Lomascolo,* 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

Fourth, both parties are well represented. Plaintiff are represented by attorneys with substantial experience in employment law, including plaintiff- and defendant-side FLSA cases. The Defendants are represented by the Allred, Bacon, Halfhill & Young, P.C., a law firm with experience defending employers against FLSA and other employment law claims. Plaintiff has been comparably represented by experienced counsel.

Fifth, there are no class claims; the parties have prepared and agreed upon the settlement agreement, indicating their consent thereto, with the advice of counsel.

5

As for the sixth factor, the FLSA claim entailed several major factual and legal questions. The parties would have expended significant resources in discovery, motions practice, and possibly trial, on the factual and legal issues relating to the amount of overtime actually paid.

The question of wages and overtime paid might have come down to a jury's credibility determinations, which are notoriously difficult to predict. Defendants have offered evidence indicating that Plaintiff worked fewer hours than alleged during the period at issue in this case. Plaintiff faced the risk of a very small verdict in their favor or a defense verdict (or summary judgment order). If Plaintiff prevailed on any claims, Defendants faced the risk of an award of attorney's fees and/or liquidated damages under the FLSA. The parties all believe that the settlement amount fairly represents their exposure compared to their chances of success at trial.

Finally, the proposed portion of the settlement allotted to attorney's fees and costs, $5,000.00 plus litigation costs of $470.00, is reasonable. Mrs. Lombardo, Mr. Lieberman and Mr. Garcia worked on the case both pre and post litigation since March 2016 at Mrs. Lombardo's standard hourly rate of $440.00 and $460.00, Mr. Lieberman's standard hourly rate of $440.00 and Mr. Garcia's standard hourly rate of $295.00, $310.00 and $325.00. The actual attorneys' fees and costs are in excess of $12,085.50, but counsel has substantially discounted the fees to resolve the matter.

## CONCLUSION

For these reasons, the Court should approve the parties' Settlement Agreement (Exhibit "A" hereto

          Respectfully submitted,

          STEIN SPERLING BENNETT
          DE JONG DRISCOLL PC

By:    /s/
          Mary Craine Lombardo (77768)
          25 West Middle Lane
          Rockville, Maryland 20850
          (301) 340-2020
          (301) 354-8126 (fax)
          mlombardo@steinsperling.com

*Attorneys for Plaintiff*

          -and-

          ALLRED, BACON, HALFHILL & YOUNG, PC

By:    /s/
          James T. Bacon (22146)
          11350 Random Hills Road
          Suite 700
          Fairfax, Virginia 22030
          (703) 352-1300
          (703) 352-1301 (fax)
          jbacon@abhylaw.com

*Attorney for Defendants*