# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter "Agreement") is hereby entered into on this 27th day of November, 2017, by and between Elva Leticia Zamora Sian ("Plaintiff") and Tanner Investments, Ltd. and Alyssa C. Tanner ("Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"). This Agreement sets forth the understandings and resolutions between the Parties.

WHEREAS, Plaintiff brought a lawsuit in the United States District Court for the Eastern District of Virginia, Case No. 1:16-cv-694 (LMB/TCB) (the "Case") for alleged violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*;

WHEREAS, Defendants deny and have denied any liability in this matter.

WHEREAS, Defendants filed a Counterclaim in this action alleging that Plaintiff was unjustly enriched;

WHEREAS, Plaintiff was involved in proceedings in the Fairfax County Circuit Court and agreed to a restitution order regarding the unjust enrichment of approximately Twenty-Three Four Thousand Nine Five Hundred Thirty-Three Eighty Dollars and Seventy-Five Cents Zero ($23,933.75) $24,580.00;

WHEREAS, the Parties have entered into this Agreement to resolve a good faith dispute as to possible entitlements under the FLSA, therefore, the Parties desire to resolve all matters and disputes concerning unpaid wages between them amicably so to avoid any future litigation;

NOW THEREFORE, it is hereby agreed between Plaintiff and Defendants to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them, accordingly,

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1

1. **Settlement.** Defendants agree to deem the entire restitution order issued by the Fairfax County Circuit Court fully satisfied, as full payment of Plaintiff's claims for unpaid overtime and minimum wages. Furthermore, Defendants agree to pay Plaintiff's attorneys fees and litigation costs of Five Thousand Four Hundred Seventy Dollars ($5,470.00), in full and final satisfaction of any and all claims, including all claims for attorneys' fees and costs, liquidated damages, and unpaid wages, paid as follows:

    a. Within five (5) calendar days after Court Approval, **time being of the essence**, Defendants shall deliver one payments in immediately available funds to Eduardo S. Garcia at 25 W. Middle Lane, Rockville, Maryland 20850: in the amount of Five Thousand Four Hundred Seventy Dollars ($5,470.00) payable to Stein Sperling Bennett De Jong Driscoll PC.

    b. Defendants further agree that they will work cooperatively with Plaintiff's counsel to finalize any documentation, any communication, or any action necessary to inform the Fairfax County Circuit Court that the restitution order obtained against Plaintiff has been fully satisfied, including but not limited to speaking with the Commonwealth Attorneys' office, Plaintiff's probation officer, and/or Fairfax County Circuit Court personnel.

2. **Default.** Failure by Defendants to cooperate with Plaintiff's counsel to notify the Fairfax County Circuit Court that the restitution order has been satisfied, or to pay any moneys due on or before the date outlined in this agreement shall be default hereunder. In the event that the default is not cured in five (5) calendar days after notification, Plaintiff may proceed in Court to obtain the necessary relief. Plaintiff will also be entitled to attorneys' fees incurred, from the date of default, in securing the necessary relief.

3. **Mutual Release.** For and in consideration of the Payments described above, and other good and valuable consideration, Plaintiff fully and forever releases, remises and discharges Defendants, together with its officers, directors, partners, shareholders, employees, agents, affiliates, corporate parents, subsidiaries, successors, heirs and assigns (collectively, the "Released Parties"). The Claims Plaintiff is releasing includes, all claims regarding unpaid overtime wages, minimum wages as well as all claims, promises, causes of action, complaints, grievances, or similar rights that were or could have been alleged, as well as all known and unknown claims, promises, causes of action, complaints, grievances or similar rights of any type that they presently may have ("Claims") with respect to any Released Party, including any claim for attorney's fees, except as provided for herein. **This is a general and complete release of all claims by Plaintiff and is to be construed in its broadest sense.** Plaintiff understands that the Claims she is releasing includes any and all claims that she might have as a result of conduct or omissions by any Released Party at any time up until the moment she signs this Agreement and includes claims under any foreign, domestic, national, state, or local laws (including statutes, regulations, administrative guidance, and common law doctrines) including, but not limited to, the following:

    Employment statutes, such as the Employee Retirement Income Security Act of 1974; the Family and Medical Leave Act of 1993; and any other federal and/or state laws relating to employment.

    All other laws, such as any federal, state, local or common law mandating leaves of absence, restricting an employer's right to terminate employees, or otherwise regulating employment; any federal, state, local or common law enforcing express or implied employment contracts or requiring an employer to deal with employees

3

fairly or in good faith; any other federal, state, local or common law providing recourse for alleged wrongful discharge, tort, physical or personal injury, emotional distress, fraud, negligent misrepresentation, defamation, and similar or related claims, and any other law, including claims alleging breach of contract or otherwise brought under any contract and/or tort theory.

Except as provided below, Defendants hereby irrevocably and unconditionally waive any right to damages, costs, attorneys' fees or any other monetary or other recovery regarding, and fully releases, all claims that they may have against Plaintiff on account of any matter, specifically forgiving any unpaid debts, conduct or omission occurring on or before the date Defendants signs this Agreement. To the extent that claims are not reserved below, this **is a general and complete release of all claims by Defendants and is to be construed in its broadest sense.** Defendants understand that the claims they are releasing include any and all claims that they might have as a result of conduct or omissions by Plaintiff at any time up until the moment they sign this Agreement and include claims under any foreign, domestic, national, state, or local laws (including statutes, regulations, administrative guidance, and common law doctrines).

4. **Covenant Not To Sue.** Plaintiff covenants that she will not file or cause to be filed any future legal action in any court, administrative agency, or other forum based upon any claim which has been released pursuant to paragraph 3 of this Agreement ("legal action").

5. **Non-Interference.** Nothing in this Agreement shall interfere with Plaintiff's right to file a charge, cooperate, or participate in an investigation or administrative proceeding conducted by the EEOC or state fair employment practices agency, or other federal or state regulatory law enforcement agency. However, the consideration provided to Plaintiff in this Agreement will be

4

5535790_1

the sole relief provided to Plaintiff for her released claims, and Plaintiff will not be entitled to recover, and agree to waive, any monetary benefits or recovery against Defendants in connection with any such claim, charge, or proceeding without regard to who has brought the complaint or charge.

7. **No Admission.** The Parties, by reason of agreeing to this compromise and agreement deny liability of any and every sort and state that they have made no agreement to do or omit to do any act or thing not set forth herein. The Parties further state that this Agreement is entered into as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including further developments thereof, in any way growing out of or connected with the Claims.

8. **No Assignment.** Plaintiff represent that she have not assigned, transferred, or purported to assign or transfer, to any person or entity, any claim against Defendants or portion thereof or interest therein.

9. **Governing Law and Interpretation.** The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of the Commonwealth of Virginia. The Parties agree that any dispute arising out of this Agreement shall be adjudicated solely and exclusively in the Virginia state courts. The Parties expressly waive any objection to jurisdiction and venue herein, including but not limited to personal jurisdiction and forum *nonconveniens*.

10. **Severability.** The Parties agree that, if any terms of the above provisions of this Agreement are found null, void or inoperative, for any reason, the remaining provisions will remain in full force and effect.

11. **Entire Agreement.** The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the agreement among the Parties.

12. **Joint Participation and Negotiation of Agreement.** Plaintiff represents that she has read this Agreement, that she understand all of its terms, that she has fully discussed the terms of this Agreement with an attorney of her choice, and that, in executing this Agreement, she did not rely and have not relied upon any representation or statement made by any of the employees, agents, representatives, or attorneys of Defendants with regard to the subject matter, basis, or effect of the Agreement. Plaintiff represent that she entered into this Agreement voluntarily, of her own free will, and with knowledge of its meaning and effect.

13. **Amendment.** The Parties agree that this Agreement shall not be modified except by a writing signed by each of the Parties hereto.

14. **Counterpart Signatures.** The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in a single document. This Agreement is effective when all Parties have executed the Agreement and provided executed copies to all Parties hereto.

**(SIGNATURES ON NEXT PAGE)**

5535790_1

IN WITNESS WHEREOF, the parties have executed this Agreement:

PLAINTIFF

_____  Dated: 11-27-17
Elva Leticia Zamora Sian

DEFENDANTS

_____  Dated: 11-18-17
By:
On Behalf of Tanner Investments, Ltd.

_____  Dated: 11-18-17
Alyssa C. Tanner, Individually

7